## MINGE & RUSSELL v. CURRY & CO.

1. The plaintiffs declared against M. & R. *first*, on a promissory note made by the N. O. & M. Mail Line; *second*, on a note signed "N. O. & M. Mail Line by M. & R. agts;" to which there was the plea of *non assumpsit*: *Held*, that the agency of the defendants being conceded, the notes were obligatory upon the N. O. & M. Mail Line : but the general issue having admitted the legal sufficiency of the declaration, and merely denied the truth of the facts alleged, the defendants could not raise the legal question before the jury, whether the notes were their promises—that point should have been presented by a demurrer to the declaration.

WRIT of Error to the County Court of Mobile.

The defendants in error declared against the plaintiffs, in *assumpsit*, in several counts.   The first count sets out a promissory note, as follows :

"Mobile, June 9th, 1838.

$160 54-100.   Thirty days after date, the New-Orleans and Mobile Mail Line promises to pay Messrs. James Curry & Co., or bearer, one hundred and sixty 54-100 dollars, for value received, negotiable and payable at the Planters' and Merchants' Bank of Mobile."

The second is on a note in *haec verba*.

"Due J. Curry & Co., or bearer, seventy-six 18-100 dollars. $76 18.   Mobile, 27 Dec. 1838.

NEW ORLEANS AND MOBILE MAIL LINE,

By MINGE & RUSSELL, Ag'ts."

The third and fourth embrace the common counts in *assumpsit.*

To the entire declaration, the defendants pleaded *non assumpsit*, payment and set-off, and issues being thereupon joined, the cause was submitted to a jury, who found a verdict for the plain-

Minge & Russell v. Curry & Co.

tiffs. On the trial the defendants excepted to certain decisions of the presiding judge. The plaintiffs offered in evidence, to support the first and second counts of the declaration, the notes above set forth, to which the defendants objected, but their objection was overruled, and the notes allowed to go to the jury. The plaintiffs then proved that the defendants were the agents of the " New Orleans and Mobile mail line ;" that they ordered the work to be done by the plaintiffs, and after it was done, agreed to pay for it ; and it was not until such a promise was made, that the plaintiffs would deliver it.

It was proved that when the plaintiffs handed their account to the defendants for settlement, the latter refused to give their own note, but gave the notes of the " New Orleans and Mobile mail line," which were accepted in payment. There was no evidence that any effort had been made to collect the notes of the mail line, and the plaintiffs had retained them in their hands ever since they received them. The court charged the jury, that if the defendants ordered the work, and promised to pay for it, the plaintiffs were entitled to recover in this action.

The defendants moved the court to charge the jury, that if they believed the defendants refused to give their individual notes when the settlement was made, and the plaintiffs received the notes declared on in payment, the plaintiffs are not entitled to recover. That if the jury believe that no effort was made to recover the notes of the " New Orleans and Mobile mail line," and they were not returned or offered to be returned to the defendants until the trial, the plaintiffs cannot recover. Which charges the court refused to give : and thereupon the defendants excepted to the admission of the evidence, and to the charges given and refused.

CAMPBELL, for the plaintiffs in error.

COLLIER, C. J.—The notes set out in the declaration are not *per se* binding upon the defendants, but they import *prima facie*, a liability of the " New Orleans and Mobile mail line."— *Prima facie* we say, because in an action against the mail line, it would be allowable for its members to deny by plea, the authority of those who professed to be its agents, to make notes in its name ; and unless the plea was disproved, defeat a recovery.

22

[Lazarus, use, &c. v. Shearer, 2 Al. R. N. S. 718.]   Had the 1st and 2d counts in the declaration been demurred to, they must have been adjudged insufficient to charge the defendants. But no objection was made to them in point of law; and the plea of *non assumpsit* is only a denial of the facts alleged in the declaration, and throws upon the plaintiffs the burthen of proving the truth of so many of the counts as he recovers on.   [Arch. Civ. Plead. 177.]

The plea of *non assumpsit* puts the plaintiff to the proof of his whole case, and in answer the defendants may in general adduce any evidence which disproves the case set up by the plaintiffs, and shows that at the time when the action was brought, the plaintiffs had no cause of action, or at least no right to maintain the action of *assumpsit*.   In the present case, it is not a matter of doubt whether the notes were intended to bind the defendants to the payment of the money; for if the agency of the defendants is conceded, the notes are an engagement of the mail line to pay, and so import on their face; and consequently parol evidence is inadmissible to vary their legal effect.   If it were doubtful, from an inspection of the notes, whether they were intended to charge the defendants or the association they represented, it would have been allowable for the former to have denied by plea, under oath, that they were their notes.   [Lazarus, use, &c. v. Shearer, 2 Al. Rep. N. S. 718.]   But such not being their character, they should have demurred, and cannot be allowed to raise by evidence the legal questions which are waived by a plea merely contesting the truth of the facts alleged.

The evidence adduced by the defendants, merely shows, that the notes were not intended to impose a personal liability upon them, and the charges prayed and refused, have reference to such a state of fact; while the legal sufficiency of the declaration is admitted, and asserts the reverse.   Under the state of the pleadings, the objections attempted to be raised on error, cannot be revised; and the judgment of the county court is consequently affirmed.